IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

---

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

     Plaintiff,

v.                               No. <u>2:12-cv-265</u>

WILLIAM GREENE, MAIJA GREENE,
WILLIAM L. GREENE, SR., VIVIAN
GREENE, MORRISTOWN BLOCK &
CONCRETE PRODUCTS COMPANY,
APPALACHIAN PRODUCTS, INC.,
AND BLUE RIDGE MATERIALS, INC.

     Defendants.

---

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
---

Come now Certain Underwriters at Lloyd's, London ("Underwriters"), pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, and sues the Defendants, William Greene, Maija Greene, William L. Greene, Sr., Vivian Greene (collectively, the "Greenes"), Morristown Block & Concrete Products Company ("Morristown Block"), Appalachian Products, Inc. ("Appalachian"), and Blue Ridge Materials, Inc. ("Blue Ridge"), for declaratory judgment, and for cause of action aver as follows:

1.     Underwriters is a syndicate of insurers with its principal place of business in London, England.

2.      Upon information and belief, William Greene and Maija Greene are resident citizens of Jefferson County, Tennessee, who reside at 3113 Jane Street, White Pine, Tennessee 37890, where they may be served with process.

3.      Upon information and belief, William L. Greene, Sr. and Vivian Greene are resident citizens of Jefferson County, Tennessee, who reside at 3111 Jane Street, White Pine, Tennessee 37890, where they may be served with process.

4.      Upon information and belief, Morristown Block is a Tennessee corporation with its principal place of business located in Hamblen County, Tennessee at P. O. Box 90, 5607 E. A. Johnson Highway, Russellville, Tennessee 37860.  It may be served with process through its registered agent, Robert M. Ivens, Highway 11E, Box 97, Russellville, Tennessee 37860.

5.      Upon information and belief, Appalachian is a Tennessee corporation with its principal place of business located in Hamilton County, Tennessee at 612 Stimpson Drive, Chattanooga, Tennessee 37411.  It may be served with process through its registered agent, R. Larry McGill, 612 Stimpson Drive, Chattanooga, Tennessee 37411.

6.      Upon information and belief, Blue Ridge is a Tennessee corporation with its principal place of business located at 416 Trussell Road, Monteagle, Tennessee.  It may be served with process through its registered agent, Billy Waylon Moon, 416 Trussell Road, Monteagle, Tennessee 37356.

Case 2:12-cv-00265-JRG-DHI   Document 19   Filed 10/16/12   Page 2 of 17   PageID #: 193

7.     Subject matter jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     Venue is proper herein pursuant to 28 U.S.C. § 1391(b)(1) and (2).

9.     Effective December 3, 2007 and expiring December 3, 2008, Underwriters issued policy number TPATE003195 (the "Policy").  Blue Ridge Material Corporation is the named insured on the Policy.  Underwriters incorporate herein by reference as if fully set forth all the terms and conditions of the Policy, a true and correct copy of which is attached hereto as Exhibit A.

10.     On or about March 6, 2009, William Greene and Maija Greene filed a lawsuit against Morristown Block in the Circuit Court for Hamblen County, Tennessee at Morristown with docket number 09CV056 (the "Lawsuit").  A true and correct copy of the Complaint filed in the Lawsuit is attached hereto as Exhibit B and incorporated herein by reference as if fully set forth.

11.     On or about February 15, 2010, an Amended Complaint was filed which added William L. Greene, Sr. and Vivian Greene as plaintiffs in the Lawsuit.  A true and correct copy of the Amended Complaint is attached hereto as Exhibit C and incorporated herein by reference as if fully set forth.

12.    On or about May 14, 2010, the Greenes filed a Second Amended Complaint in the Lawsuit against Morristown Block, Blue Ridge, Appalachian, and Tennessee Valley Authority ("TVA").  A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit D and incorporated herein by reference as if fully set forth.  The Greenes' attorney served Blue Ridge with the Second Amended Complaint via certified mail, return receipt requested, on or about June 14, 2010.  The Greenes subsequently non-suited their claims against TVA so that TVA is no longer a defendant in the Lawsuit.

13.    On or about April 25, 2011, Morristown Block filed its Answer to the Second Amended Complaint and Cross-Claims Against Blue Ridge and Appalachian.  A true and correct copy of this pleading is attached hereto as Exhibit E and incorporated herein by reference as if fully set forth.  On or about June 1, 2011, Morristown Block filed a Motion for Default Judgment against Blue Ridge based on its failure to file an Answer to Morristown Block's Cross-Claim.  A true and correct copy of this motion is attached hereto as Exhibit F and incorporated herein by reference as if fully set forth.

14.    On or about May 4, 2011, Appalachian filed its Answer to Morristown Block's Cross-Claim, a Counterclaim against Morristown Block, and a Cross-Claim against Blue Ridge. A true and correct copy of this pleading is attached hereto as Exhibit G and incorporated herein by reference as if fully set forth.

15.    In the Lawsuit, the Greenes seek to recover damages that they allegedly sustained as a result of their purchase of approximately 6,000 concrete blocks that they purchased from Morristown Block in August 2007 with the intention of constructing a house on property owned by them at 3113 Jane Street, White Pine, Tennessee.  The Greenes allege that these concrete blocks are defective because they contain iron ferrite which has caused rust to appear in the blocks and which requires that the entire house be torn down and scrapped due to problems with the appearance and structural integrity of the blocks.  The Greenes allege various causes of action against Morristown Block, Blue Ridge, and Appalachian, all of which arise out of the allegedly defective condition of the concrete blocks.  The Greenes seek damages in excess of $500,000.00.

16.    The Cross-Claims filed by Morristown Block and Appalachian against Blue Ridge allege that Blue Ridge supplied the raw materials used to manufacture the allegedly defective concrete blocks, that these raw materials were defective, and that the allegedly defective nature of the concrete blocks was caused by Blue Ridge.  The Cross-Claims allege various causes of action against Blue Ridge, all of which arise out of the allegedly defective raw materials used in the manufacture of the allegedly defective concrete blocks, and seek contribution and indemnity from Blue Ridge on the basis of these allegations.

17.    On or about August 4, 2011, Blue Ridge filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Tennessee at

Winchester with docket number 4:11-bk-14254 (the "Bankruptcy Proceeding"). On or about November 14, 2011, Morristown Block filed a Motion for Relief from the Automatic Stay in which it sought relief from the automatic bankruptcy stay in order to pursue its Cross-Claim against Blue Ridge, provided that it would not seek to recover from the assets of the bankruptcy estate but instead would seek to recover only from Blue Ridge's insurance policies. The Bankruptcy Court granted this motion on or about January 20, 2012, thereby allowing Morristown Block to pursue its Cross-Claim against Blue Ridge in the Lawsuit, provided that Morristown Block limits its recovery to the proceeds of Blue Ridge's insurance policies.

18.     On or about April 3, 2012, Morristown Block's attorney, Evan E. Hauser, sent a letter to Underwriters in which he requested that Underwriters provide a defense to Blue Ridge in the Lawsuit. A true and correct copy of this letter is attached hereto as Exhibit H and incorporated herein by reference as if fully set forth. In the letter, Mr. Hauser stated that Morristown Block had a Motion for Default Judgment pending against Blue Ridge in the Lawsuit and that if Underwriters did not provide a defense for Blue Ridge within thirty days of the date of his letter, then he would obtain a default judgment against Blue Ridge and then file a declaratory judgment action against Underwriters to determine whether Morristown Block's damages are covered by the Policy.

19.     On or about September 12, 2012, Underwriters filed a Motion for Relief from the Automatic Stay in the Bankruptcy Proceeding in which it requested that the Bankruptcy Court

lift the stay to allow Blue Ridge to be made a Defendant herein. The Bankruptcy Court granted

this motion on or about October 4, 2012.

20.     The Policy includes Commercial General Liability Coverage which provides, in

pertinent part, as follows:

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

\*                              \*                              \*

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**     The "bodily injury" or "property damage" occurs during the policy period; …

21.     With regard to notice, the Commercial General Liability Coverage provides as

follows:

**2.     Duties In The Event Of Occurrence, Offense, Claim or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

7

      **(1)**    How, when and where the "occurrence" or offense took place;

      **(2)**    The names and addresses of any injured persons and witnesses; and

      **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

      **(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)**    Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

22.    The Commercial General Liability Coverage contains the following exclusions:

    **m.**   **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

23. The Commercial General Liability Coverage contains the following pertinent definitions:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.** Your fulfilling the terms of the contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16.     "Products-completed operations hazard":

    **a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" …

        \*             \*             \*

17.     "Property damage" means:

    **a.**     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

        \*             \*             \*

21.     "Your product":

    **a.**     Means:

        **(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**     You;

            **(b)**     Others trading under your name; or

            **(c)**     A person or organization whose business or assets you have acquired; and

        **(2)**     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**     Includes

        **(1)**     Warranties or representations made at any time with respect to the fitness, quality,

durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

24.    The Commercial General Liability Coverage contains an endorsement which provides as follows:

### EXCLUSION – Losses, Claims and Litigation
### Preceding Inception of Policy

This insurance does not apply to any "bodily injury", "property damage", "personal injury" or "advertising injury" nor do we have a duty to defend

1.    Any damage, loss, cost or expense which began to occur, in whole or part, before the inception date of this policy and which continues into the policy period regardless of whether any person (including the insured) knew or had reason to know of any damage, loss, cost or expense;

2.    Any claim, suit, action, demand, arbitration, alternative dispute resolution which arose before the inception date of this policy

(a)    regardless of whether the insured knew of any such claim, suit, action, demand, arbitration or alternative dispute resolution and

(b)    irrespective of whether ultimate liability or the final amount of damages, loss, cost or expense has or has not been established.

This policy applies only to damage, loss, cost or expense, which first occurs in the policy period.

### ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

25.    The Policy defines "property damage," in pertinent part, as "[p]hysical injury to tangible property, including all resulting loss of use of that property." In the Lawsuit, the Greenes have alleged that the allegedly defective raw materials supplied by Blue Ridge caused

the concrete blocks with which they were constructing their house to rust. The only alleged damage that has occurred is to the concrete blocks themselves. Therefore, there has been no "property damage" within the meaning of the Policy, and Underwriters respectfully request that this Court declare that there is no coverage under the Policy for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian for this reason and also declare that Underwriters have no duty to defend Blue Ridge against these claims for this reason. If it is determined that there has been "property damage" within the meaning of the Policy and that there otherwise is coverage under the Policy for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian, which Underwriters deny, then any recovery under the Policy should be limited to the amount that the Greenes paid for the allegedly defective concrete blocks.

26.     The Policy provides that "[i]f a claim is made or 'suit' is brought against any insured," the insured must notify Underwriters in writing of the claim or suit "as soon as practicable" and must "[i]mmediately send [Underwriters] copies of any demands, notices, summonses or legal papers received in connection with the claim or "'suit' …" The insured on the Policy has never made a claim for the matters at issue in the Lawsuit and has never sent Underwriters copies of any documents received in connection with the Lawsuit. Instead, the only claim of which Underwriters have been notified was made by Morristown Block's attorney, Evan E. Hauser, on or about April 3, 2012. Although the Second Amended Complaint which

added Blue Ridge as a defendant in the Lawsuit was filed on or about May 14, 2010 and served on Blue Ridge on or about June 14, 2010, Underwriters did not receive notice of any alleged claim until Mr. Hauser sent his letter to Underwriters almost two years later. The insured thus has breached the notice provisions of the Policy, and Underwriters have been prejudiced by this breach. Therefore, Underwriters respectfully request that this Court declare that there is no coverage under the Policy for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian for this reason and also declare that Underwriters have no duty to defend Blue Ridge against these claims for this reason.

27. The Policy provides for products-completed operations hazard, which is defined, in pertinent part, as "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' …". There is an exclusion in the Policy which excludes coverage for "'[p]roperty damage' to 'impaired property' or property that has not been physically injured, arising out of … [a] defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work' …" . The Policy defines impaired property, in pertinent part, as "tangible property, other than 'your product' or 'your work', that cannot be used or is less useful because … [i]t incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous… if such property can be restored to use by … [t]he repair, replacement, adjustment or removal of 'your product' or 'your work'…".

28.     The Greenes in the Second Amended Complaint, as well as Morristown Block and Appalachian in their Cross-Claims against Blue Ridge, allege that Blue Ridge supplied defective raw materials to Morristown Block which resulted in the concrete blocks that Morristown Block manufactured being defective.  The Greenes allege that these defective concrete blocks were used in the construction of their house and that they had to cease construction of the house because of the defective nature of the blocks.  The Greenes allege that the defective nature of the blocks requires that the entire house be torn down and scrapped.  Based on these allegations, the Greenes' house constitutes impaired property under the terms of the Policy.  Therefore, the exclusion for property damage to impaired property arising out of a defect in the insured's product applies to exclude coverage for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian.   Underwriters respectfully request that this Court declare that there is no coverage under the Policy for these claims for this reason and also declare that Underwriters have no duty to defend Blue Ridge against these claims for this reason.

29.     For all of the foregoing reasons, Underwriters respectfully request that this Court declare that there is no coverage under the Policy for the claims asserted by the Greenes, Morristown Block, and Appalachian against Blue Ridge in the Lawsuit and also declare that Underwriters have no duty to defend Blue Ridge against these claims in the Lawsuit.

30.     In addition, there may be no coverage under the Policy for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian, and Underwriters may

have no duty to defend Blue Ridge against these claims, for the following reasons:

a.    There may not have been an "occurrence", as required by the Policy.

b.    There may not have been an accident, as required by the Policy.

c.    Any alleged "property damage" may not have occurred during the Policy period, as required by the Policy.

d.    Any alleged "property damage" may have begun to occur, in whole or part, before the inception date of the Policy.

e.    The claim may have arisen before the inception date of the Policy.

f.    Any alleged negligence may not have occurred during the Policy period.

g.    Any alleged "occurrence" may not have occurred during the Policy period.

h.    Any alleged accident may not have occurred during the Policy period.

i.    There may have been misrepresentations contained in the Policy application, including but not limited to the loss history of the insured, which would render the Policy void ab initio.

j.    Underwriters note that the name of the Defendant in the Lawsuit is Blue Ridge Materials, Inc., while the named insured on the Policy is Blue Ridge Material Corporation.

k.    Any and all other reasons contained in the terms of the Policy, the laws of the State of Tennessee, or otherwise.

31.    In the event that it is determined through the discovery process in this case that any of the foregoing factors in paragraph 30 exist, Underwriters respectfully request that this Court declare that there is no coverage under the Policy for the claims asserted against Blue Ridge by the Greenes, Morristown Block, and Appalachian based on any such factors and also declare that Underwriters have no duty to defend Blue Ridge against these claims based on any such factors.

32.    In addition, Underwriters respectfully request that this Court declare that there is no coverage under the Policy for the claims asserted against Blue Ridge by the Greenes,

Morristown Block, and Appalachian and also declare that Underwriters have no duty to defend Blue Ridge against these claims for any and all other reasons contained in the Policy, the application for the Policy, or the laws of the State of Tennessee.

WHEREFORE, PREMISES CONSIDERED, Certain Underwriters at Lloyd's, London, pray that this Court enter a declaratory judgment that there is no coverage under the Policy for the claims asserted by the Greenes, Morristown Block, and Appalachian against Blue Ridge in the Lawsuit and that Underwriters have no duty to defend Blue Ridge against these claims, and for such other relief to which it may show itself justly entitled.

Respectfully submitted,

BRATTON, O'NEAL & THORP, P.C.


By  /s/ Gregory W. O'Neal
    Gregory W. O'Neal - #15860
    Attorney for Plaintiff
    675 Oakleaf Office Lane, Suite 200
    Memphis, Tennessee   38117-4863
    (901) 684-6100
    (901) 684-6106 - Fax
    E-mail: gregoneal@brattononeal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to:

Christopher P. Capps, Esq.
Capps, Cantwell, Capps & Byrd
P. O. Box 1897
Morristown, TN  37816-1897

Evan E. Hauser, Esq.
The Mollenhour Law Firm
P. O. Box 9299
Knoxville, TN  37940-2099

Christopher D. Owens, Esq.
Hunter, Smith & Davis, LLP
100 Med Tech Parkway, Suite 110
Johnson City, TN  37604

I further certify that there are no non-CM/ECF participants in this case.

_/s/ Gregory W. O'Neal_____
Gregory W. O'Neal

F:\Data\Lloyd's\Blue Ridge Materials\Complaint for Declaratory Judgment\Amended Complaint for Declaratory Judgment.doc